No. 680 July 15, 2026 579

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

William SHAW,
*Plaintiff-Respondent,*

*v.*

Dominique PATTERSON,
*Defendant-Appellant,*
*and*

Margaret SKILES,
*Defendant.*

Josephine County Circuit Court
23CV28914; A183846

Robert S. Bain, Judge.

Submitted November 19, 2025.

Eric Fournier and Day, Driver, Fournier & Reinhart, LLP, filed the brief for appellant.

Melisa A. Button and Hornecker Cowling LLP filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Defendant appeals from an order denying her motion to set aside or vacate a default judgment entered against her. Defendant raises a single assignment of error, arguing that the trial court abused its discretion when it denied that motion. We conclude that defendant's conduct, as a matter of law, was not mistake, inadvertence, surprise, or excusable neglect under ORCP 71 B(1). Accordingly, we affirm.

In this nonprecedential opinion, we discuss the facts and procedural history only as necessary for the parties to understand our resolution of defendant's assignment of error.

ORCP 71 B(1) provides, in relevant part, "On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect[.]" Whether a party's conduct or inaction constitutes mistake, inadvertence, surprise, or excusable neglect presents a question of law. *Hoddenpyl v. Fiskum*, 281 Or App 42, 46-47, 383 P3d 432 (2016). "[W]e review a trial court's ultimate decision to grant or deny relief under ORCP 71 B(1) for abuse of discretion[.]" *Id*. In doing so, "we set out the undisputed facts in the light most favorable to the moving party," in this case, mother, and "we accept the trial court's findings of disputed fact, if there is evidence to support those findings." *Union Lumber Co. v. Miller*, 360 Or 767, 769, 388 P3d 327 (2017).

We conclude that defendant failed to establish that, as a matter of law, her default resulted from mistake, inadvertence, surprise, or excusable neglect. Defendant bore the burden of proving mistake, inadvertence, surprise, or excusable neglect. *PGE v. Ebasco Services, Inc.*, 263 Or App 53, 66, 326 P3d 1274 (2014). As the trial court noted in its opinion letter accompanying its order denying defendant's motion, defendant's arguments conflate the grounds of mistake, inadvertence, surprise, and excusable neglect, and use the terms interchangeably. That makes it difficult to know the precise factual and legal theory upon which defendant

relies. The difficulty is compounded by the thin record created by defendant concerning why she failed to timely respond to the complaint.[1]

The only evidence presented by defendant in support of her motion to set aside the default judgment was her own declaration. The declaration explained that defendant had retained a lawyer to represent her in responding to a demand letter from plaintiff, her landlord, in August 2022. When plaintiff served defendant with the complaint that initiated this action on August 5, 2023, defendant noted that the complaint made similar allegations to those in the demand letter. According to her declaration, she believed that the attorney she had retained to respond to the demand letter still represented her and would respond to the complaint. After "several weeks," defendant "realized that [her prior attorney] no longer represented" her and that the attorney had not "received any notice of the lawsuit." Defendant looked for another attorney but "had great difficulty getting appointments with other attorneys in a timely fashion[.]" Ultimately, according to defendant, she met with attorney Fournier on September 5, 2023, and retained Fournier at the end of the day on September 6, 2023.

Plaintiff filed the motion for default order on September 6, 2023, and the trial court granted the motion on September 7, 2023. Fournier entered an appearance that same day and filed a motion to set aside the default order on September 11, 2023. The motion was not supported by a declaration. The trial court denied the motion—that ruling is not challenged on appeal—and defendant moved for reconsideration. The trial court denied the motion for reconsideration and explained its reasoning in a letter opinion. That ruling also is not challenged on appeal. The trial court entered a default judgment. Defendant moved to set aside the default judgment and supported the motion with the

---

[1] In *Hellman v. Tucker*, 351 Or App 519, 522-26, ___ P3d ___ (2026), also decided today, we held that the defendant's conduct in that case constituted excusable neglect because the defendant showed that they took reasonable steps to respond to the complaint at issue in that case. In contrast to defendant's unspecific and vague declaration in this case, the defendant in *Hellman* submitted a declaration in support of their motion for relief from default, explaining in detail the steps they took after the complaint against them was filed and the mistaken beliefs that lead to the neglect in that case.

declaration discussed above. The trial court issued a letter opinion and denied the motion. It is that ruling—the trial court's denial of defendant's motion to set aside the default judgment—that is at issue on appeal.

In the letter opinion that explains its decision to deny the motion to set aside, the trial court found that defendant failed to sufficiently explain in the declaration why she had not timely responded to the complaint. Specifically, the court noted that defendant was vague about *why* she believed the attorney who she had retained a year earlier to respond to the demand letter still represented her or why defendant believed that attorney knew about the filing of the complaint. The court also noted that the declaration did not assert that defendant told her prior attorney that she had been served with the complaint or why plaintiff was unable to obtain an appointment with an attorney until September 5. The trial court concluded that it could not "find that defendant's actions were reasonable or that she has demonstrated a ground for relief under ORCP 71 B other than she procrastinated until the deadline passed." That is, the trial court determined that defendant knew she had 30 days to respond to the complaint, and she took no concrete steps to respond until she met with Fournier on the thirtieth day. The trial court did not err, as a matter of law, when it determined that defendant had failed to establish mistake, inadvertence, surprise, or excusable neglect. *See Union Lumber*, 360 Or at 782-83 (explaining that the trial court considering a motion to set aside a judgment did not commit legal error when it did not credit the moving parties' uncontradicted statements in their affidavits and then concluded that the moving parties failed to establish excusable neglect).

Defendant relies on *Morrell v. Lane County*, 35 Or App 793, 582 P2d 847 (1978) and *Bella v. Aurora Air, Inc.*, 279 Or 13, 566 P2d 489 (1977) on appeal, as she did at the trial court, to support her argument that the trial court abused its discretion in denying her motion. In both *Morell* and *Bella*, the respective defendants acted diligently. However, the defendant's lawyer in *Morell* and the defendant's insurance company in *Bella* failed to timely respond.

*Morell*, 35 Or App at 797-98; *Bella*, 279 Or at 16-17. In each case, the lawyers for the defendants responded quickly to the default. And in each case, we concluded that the defendants had established mistake, inadvertence, or excusable neglect as a matter of law. *Morell*, 35 Or App at 797-98; *Bella*, 279 Or at 16-17.

Here, in contrast to the defendants in *Morell* and *Bella*, defendant did not establish that she responded promptly to being served with the complaint and summons. The trial court found that she failed to provide a reason other than procrastination, and that finding is supported by the record.[2] Although defendant's attorney, Fournier, promptly appeared and attempted to recall the default order after he was retained by defendant, Fournier's post-default promptness does not establish that the preceding delay by defendant constituted mistake, inadvertence, surprise, or excusable neglect under ORCP 71 B(1). The trial court did not err in determining that defendant did not establish mistake, inadvertence, surprise, or excusable neglect and therefore did not err in denying defendant's motion to set aside the default judgment.

Affirmed.

---

[2] That fact distinguishes this case from a case in which a party responds promptly to being served by, for example, retaining a lawyer, but the process of making an appearance breaks down later as the result of a mistake. *See, e.g.,* *Hellman*, 519 Or App at 525-27 (also decided today, where a party established excusable neglect by promptly retaining a lawyer but failed to appear as a result of a reasonable mistake).